UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JOHN F. STINGLE, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>ROBIN DELAGE, et al., )<br>)<br>Defendants ) | Civil No. 04-270-P-H |

**DECISION RECOMMENDING DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER AND RECOMMENDING DISMISSAL OF COMPLAINT FOR FAILURE TO STATE A FEDERAL CAUSE OF ACTION**

Pro se plaintiff, John Stingle has filed a motion for a temporary restraining order against his former landlords Robin and Michael Delage, who also proceed pro se in defending Stingle's federal action. Stingle wants this court to issue an order restraining the Delages from destroying his personal property apparently removed from an apartment in Old Orchard Beach, Maine in which he once was a tenant. He also wants the court to order the Delages to deliver this property to him. I now recommend that the court deny Stingle's motion for a temporary restraining order. Furthermore, as the record clearly demonstrates that Stingle does not have a federal cause of action and that it would be folly to exercise supplemental jurisdiction over any of Stingle's state law claims, I recommend that the court dismiss this action pursuant to 28 U.S.C. § 1915(e)(2).

*Discussion*

Stingle's underlying federal complaint charges the Delages with violating his rights under the Americans with Disabilities Act (ADA), common law unlawful inducement in interstate commerce, false advertising, and negligent infliction of

emotional harm. In brief, his factual allegations assert that Stingle intended to move to Maine from New York with the plan of obtaining a calmer and quieter way of life. After he made in-person, in-state leasing arrangements with the Delages vis-à-vis the Old Orchard Beach property, Stingle relays that he continued to have interstate telephonic communications with the Delages with respect to move-in details and the like. However, when Stingle took occupancy of the property in October 2004 it immediately became clear that the apartment was uninhabitable because the Delages had not properly sound-insulated the apartment. Stingle equates living in the apartment to living in a subway or boxcar: "Indeed, every move of the tenants above (a mother and two small children) is amplified and causes booming above the Plaintiff's head "clocked" at above 75 decibles using a Type 2 measure." This made it impossible for Stingle to get any meaningful sleep, a deprivation that exacerbated his prior medical conditions and caused the onset of new ones. According to Stingle he has had a lifelong history of debilitating pain in his arms, neck, and legs (especially his knees) as a consequence of Rheumatoid Arthritis and bone degeneration.

    In their response to Stingle's motion, the Delages indicate that the York County Superior Court and the Maine Law Court have denied all requests by Stingle in a state court action concerning their landlord/tenant dispute. They also attach a copy of a March 9, 2005, writ of possession in favor of the Delages issued by the Superior Court and a June 1, 2005, order of the Maine Law Court dismissing his appeal for want of prosecution.[1] Also attached to this pleading is a letter from the Delages to Stingle that lists Stingle's abandoned personal property and requests that Stingle contact them to take

---

[1] See Exxon Mobil Corp. v. Saudi Basic Indust. Corp., __ U.S. __, __, 125 S. Ct. 1517 (2005).

possession of the property, warning if he does not do so by June 2, 2005, the goods will be disposed of.

Apropos Stingle's motion for a temporary restraining order, if Stingle seeks to get his property back he must do so through invoking the appropriate state statute or seek redress through a state law common law action. The Delages are no state actors and Stingle cannot seek redress in the federal court vis-à-vis these private citizens on any Fourth or Fourteenth Amendment theory, even if his complaint had such a count. See 42 U.S.C. § 1983; Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 929, 935 (1982).[2]

Section 1915 of title 28 contains the following provision concerning in forma pauperis actions:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>   **(A)** the allegation of poverty is untrue; or
>   **(B)** the action or appeal—
>     **(i)** is frivolous or malicious;
>     **(ii)** fails to state a claim on which relief may be granted; or
>     **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

With respect to Stingle's claim under the Americans with Disability Act,

> An individual alleging discrimination under Title III must show that: (1) he is disabled as that term is defined by the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) the defendant employed a discriminatory policy or practice; and (4) the defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability.

Fortyune v. American Multi-Cinema, Inc., 364 F.3d 1075, 1082 (9th Cir. 2004). Per his

---

[2]  Stingle's complaint does not include a conversion/trover count.

own allegations, Stingle alleges that his disability causes debilitating pain in his arms, necks, and legs. Assuming that his would qualify as a disability for purposes of bringing an ADA claim, there is no factual allegation that the Delages failed to make a reasonable modification of the premises for Stingle necessary to accommodate his pain. According to Stingle the dispute arose around the inadequate soundproofing of the property.[3] With respect to Stingle's second cause of action, I could find no federal case that so much as mentions "unlawful inducement in interstate commerce." Accordingly, I recommend that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2)(B), and **DENY** defendants' requests contained in Docket No. 26 for a hearing and for attorney fees.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

June 24, 2005.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge

---

[3] The potential that Stingle's reaction to the noise might exacerbate his condition is a damage issue as to his state law claims but not an independent source for an ADA Title III failure to accommodate claim.

own allegations, Stingle alleges that his disability causes debilitating pain in his arms, necks, and legs. Assuming that his would qualify as a disability for purposes of bringing an ADA claim, there is no factual allegation that the Delages failed to make a reasonable modification of the premises for Stingle necessary to accommodate his pain. According to Stingle the dispute arose around the inadequate soundproofing of the property.[3] With respect to Stingle's second cause of action, I could find no federal case that so much as mentions "unlawful inducement in interstate commerce." Accordingly, I recommend that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2)(B), and **DENY** defendants' requests contained in Docket No. 26 for a hearing and for attorney fees.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

June 24, 2005.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge

---

[3] The potential that Stingle's reaction to the noise might exacerbate his condition is a damage issue as to his state law claims but not an independent source for an ADA Title III failure to accommodate claim.